**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

ANDREW LEE BOWEN                                                                        PLAINTIFF

V.                                    3:15CV00087 DPM/JTR

DAVID CARTER, Sheriff,
Greene County Detention Center, et al.                                            DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

Plaintiff, Andrew Lee Bowen, has filed this *pro se* § 1983 action alleging that Defendants violated his constitutional rights. *Doc. 9.* Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be

dismissed for failing to state a claim upon which relief may be granted.[1]

## II. Discussion

**A.     Access to the Courts Claims**

Plaintiff is a convicted prisoner in the Greene County Detention Center. In his Substituted Complaint, he alleges that Defendant Jail Administrator Allison Huckabee refused to give him § 1983 complaint forms and that she gave him the wrong address to request that form from an outside source. *Doc. 9.* Similarly, Plaintiff alleges that Defendant Huckabee and Defendant Sheriff David Carter failed to maintain an adequate law library at the Greene County Detention Center. *Id.*

The First Amendment unquestionably encompasses an inmate's right of meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 361 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To plead a viable access to the courts claim, a prisoner must allege facts suggesting that he suffered an actual injury. *Hartsfield v. Nichols*, 511 F.3d 826, 831-32 (8th Cir. 2008); *White v. Kautzky,* 494 F.3d 677, 680 (8th Cir. 2007). In this respect, "actual injury" means "actual prejudice with respect

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 355; *see also Klinger v. Dept. of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997). Because has not pled any facts suggesting that he suffered an "actual injury," his access to the courts claim should be dismissed, without prejudice.

**B.  HIPAA Claim**

Plaintiff contends that Defendant Nurse Rosemary Farmer, Dr. Adalberto Fonticiolla, and Nurse Connie Gill violated the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d-1 et seq., by discussing his private health information without his consent. *Doc. 9.* The Eighth Circuit has held that HIPAA does not create a private right of action that can be enforced through either a § 1983 claim or an implied right of action. *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Adams v. Eureka Fire Prot. Dist.*, Case No. 09-1315, 2009 WL 3352032 (8th Cir. Oct. 20, 2009) (unpublished opinion). Thus, Plaintiff's HIPAA claim should be dismissed, with prejudice.

**C.  Supervisory Liability Claim**

Finally, Plaintiff makes the conclusory and factually unsupported allegation that Defendant Carter "fails to adequately oversee basic operations or ensure operations are performed." *Id. at 8.* There is no vicarious liability in § 1983 actions and the

"general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).  Instead, to plead a viable §1983 claim, a prisoner must allege facts demonstrating that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). Plaintiff has not done so.  Thus, his supervisory claim should be dismissed, without prejudice.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's access to the courts and supervisory liability claims be DISMISSED, WITHOUT PREJUDICE.

2. Plaintiff's HIPAA claim be DISMISSED, WITH PREJUDICE.

3. Dismissal of this action constitute a "STRIKE," as defined by 28 U.S.C. § 1915(g).

4. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 28th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE